1 | Amy L. Bennecoff (275805)
2 | Kimmel & Silverman, P.C.
3 | 30 East Butler Pike
4 | Ambler, PA 19002
  | Telephone: 215-540-8888
5 | Facsimile: 215-540-8817
6 | abennecoff@creditlaw.com
  | Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOWARD MCNEIL, | ) Case No.: |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES** |
| v. | ) **1. VIOLATION OF THE FAIR** |
| | ) **DEBT COLLECTION PRACTICES** |
| KIMBALL, TIREY & ST. JOHN, LLP, | ) **ACT, 15 U.S.C. §1692 ET. SEQ.;** |
| | ) **2. VIOLATION OF THE** |
| | ) **ROSENTHAL FAIR DEBT** |
| | ) **COLLECTION PRACTICES ACT,** |
| Defendant. | ) **CAL. CIV. CODE §1788 ET. SEQ.** |
| | ) |
| | ) **JURY TRIAL DEMANDED** |

## COMPLAINT

HOWARD MCNEIL ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against KIMBALL, TIREY & ST. JOHN, LLP ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection

Practices Act, cal. Civ. Code §1788, *et. seq.* ("RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.     Defendant conducts business in the State of California and therefore, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## PARTIES

5.     Plaintiff is a natural person residing in Monrovia, California 91016.

6.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

7.     Defendant is a corporation specializing in debt collection with its principal place of business located at 7676 Hazard Center Drive, Ste. 900, San Diego, California 92108.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff as the term is defined by the FDCPA at 15 U.S.C. § 1692a(5) and the RFDCPA at Cal. Civ. Code §1788.2(f).

11. The alleged debt at issue arose out of transactions primarily for personal, family, or household purposes.

12. Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt if truly an obligation owed by him could only have arisen from a financial obligation for primarily personal, family, or household purposes.

13. Beginning in mid March 2015, and continuing through late June 2015, Defendant's representatives placed repeated harassing debt collection calls to Plaintiff's cellular telephone.

14. Defendant's harassing debt collection calls derived from numbers

including, but not limited to (800) 575-1770. The undersigned has confirmed that this number belong to Defendant.

15.  Defendant is attempting to collect a $1,688.35 apartment lease debt which Plaintiff was a co-signor for his daughter.

16.  Although Plaintiff's daughter did breach the lease agreement, thereby incurring a charge, Plaintiff paid off the outstanding balance in February 2012.

17.  Upon initial oral communication, Plaintiff made this information known to Defendant, in effect disputing the debt, while Defendant maintained the amount was still owed in full.

18.  Plaintiff instructed Defendant to cease in its communications to his cellular telephone, and instead, provide verification of the debt in writing.

19.  Defendant failed in providing the requested materials and continued calling Plaintiff weekly, as well as leaving voice messages.

20.  Defendant's messages would state; "We have an important matter to discuss", thereby creating a false sense of urgency surrounding a matter which Plaintiff was already aware of and disputed.

21.  Moreover, Defendant threatened to pursue legal action if the debt remained unpaid.

22.  Upon information and belief, Defendant had no intention of taking such action.

23. Further, Defendant failed to send written notification to Plaintiff within five days of its initial communication with him, setting forth his rights pursuant to the FDCPA to dispute the alleged debt and/or seek verification of the debt.

24. Defendant's actions as described herein were made with the intent to harass and coerce payment from Plaintiff for this alleged debt.

## COUNT I
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

25. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

26. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when it continued to call Plaintiff even after he requested that its calls stop.

## COUNT II
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

27. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation

repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

28. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

## COUNT III
## DEFENDANT VIOLATED §§ 1692e, 1692e(5) AND 1692e(10) OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

30. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

31. Section 1692e(10) of the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect to attempt to collect any debt.

32. Defendant violated §§ 1692e, 1692e(5), and 1692e(10) of the FDCPA when it threatened to take legal action against Plaintiff it had no intention of pursing in an attempt to coerce payment.

## COUNT IV
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

33.     Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect a debt.

34.     Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and continuously, when it continued to call Plaintiff even after he disputed the debt, requested that Defendant's calls stop, when it failed to provide Plaintiff with proper verification regarding the alleged debt, and when it engaged in other unfair conduct.

## COUNT V
## DEFENDANT VIOLATED § 1692g(a) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

35.     Section 1692g(a) of the FDCPA states that within five days after the initial communication with a consumer in connection with the collection of a debt, a debt collector shall send the consumer a written notice containing the amount of the debt, the name of the creditor to whom the debt is owed, the manner in which to dispute the debt, and that if the debt is disputed, that the debt collector will obtain verification of the debt, and will provide information to Plaintiff on how to dispute the debt.

36.     Defendant violated § 1692g(a) of the FDCPA when it failed to

provide any written notification or any information in writing to Plaintiff in regards to the alleged debt within five days of its initial contact with the Plaintiff, including how to dispute the debt or obtain verification of the debt, in violation of the FDCPA.

## COUNT VI
## DEFENDANT VIOLATED THE
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

37. Section 1788.17 of the California Civil Code mandates that every debt collector attempting to collect a consumer debt shall comply with § 1692b through § 1692j of the FDCPA.

38. Defendant violated Cal. Civ. Code § 1788.17, when it violated the FDCPA for the reasons set forth in this Complaint.

WHEREFORE, Plaintiff, HOWARD MCNEIL, respectfully prays for a judgment as follows:

    a. Actual Damages;
    b. Statutory damages;
    c. Reasonable attorney's fees and costs;
    d. Any other relief deemed appropriate by this Honorable Court.

# DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, HOWARD MCNEIL, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 07/31/15         KIMMEL & SILVERMAN, P.C..

By: /s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT